IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DIONTE DORTCH,  )<br>JERELL HAYNIE,  )<br>GREGORY BAHATI, and  )<br>JULIO ARIAS,  )<br>  )<br>Defendants.  ) | 8:15CR343<br><br>FINDINGS AND<br>RECOMMENDATION |

This matter is before the court on the motions to dismiss filed by Defendants Dionte Dortch (Filing No. 207), Jerell Haynie (Filing No. 239), Gregory Bahati (Filing No. 217), and Julio Arias (Filing No. 231). The defendants seek dismissal of Count One of the Superseding Indictment for failure to state an offense. Additionally, Arias separately moves to dismiss Count One as it relates to any firearm offense against him because it violates a plea agreement he had with the government in a prior case. For the reasons discussed below, the undersigned magistrate judge recommends denying the motions.

BACKGROUND

On January 27, 2016, Dortch, Bahati, Arias, Haynie, Brandon Heard, and Kendell Tealer were charged in a 15-count Superseding Indictment with offenses arising out their alleged criminal activities in connection with the 40th and 44th Ave. Crips street gangs. (Filing No. 33). Count One charges all six defendants with a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. 1962(d). The Superseding Indictment alleges that between 2008 and 2015, the 40th Ave. and 44th Ave. Crips street gangs "cliqued up" to form an enterprise under 18 U.S.C. § 1961(4). The Superseding Indictment alleges the enterprise engaged in a pattern of racketeering activity under 18 U.S.C. § 1962(c), including acts of murder, attempted

1

murder, witness tampering, and the manufacture and distribution of controlled substances. (Filing No. 20 at pp. 3-7).

Defendant Dortch filed the instant motion to dismiss Count One of the Superseding Indictment, arguing that the indictment's allegations are insufficient to establish the existence of an enterprise under 18 U.S.C. 1962(d). (Filing No. 207). Defendants Bahati, Arias, and Haynie filed motions joining Dortch's motion and arguments. (Filing No. 217; Filing No. 231; Filing No. 239). Additionally, Arias separately moves to dismiss Count One as it relates to any firearm offense against him because it violates a plea agreement he had with the government in a prior case. (Filing No. 231).

## DISCUSSION

The defendants seek dismissal of Count One of the Superseding Indictment for failure to state an offense pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v). Count One charges the defendants with a conspiracy to participate in a pattern of racketeering activity in violation of 18 U.S.C. 1962(d) and (c). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Steffen*, 687 F.3d 1104, 1109 (8th Cir. 2012) (quoting *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (quoting *United States v. Hernandez*, 299 F.3d 984, 992 (8th Cir. 2002)). "An indictment is normally sufficient if its language tracks the statutory language." *Sewell*, 513 F.3d at 821 (8th Cir. 2008) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974).

The defendants argue the Superseding Indictment's allegations are insufficient to establish the existence of a RICO enterprise. (Filing No. 208 at p. 3). A RICO enterprise

2

includes "any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[A]n enterprise has 'at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *United States v. McArthur*, 836 F.3d 931, 939 (8th Cir. 2016) (quoting *Boyle v. United States*, 556 U.S. 938, 946 (2009)). "An informal association of individuals constitutes a RICO enterprise when it is 'a continuing unit that functions with a common purpose.'" *Id.* (quoting *Boyle*, 556 U.S. at 946, 948). The defendants contend the Superseding Indictment fails to sufficiently identify a common purpose of the alleged enterprise and fails to allege the relationship among those associated with the enterprise necessary to sustain a conviction. (Filing No. 208 at pp. 3-4).

The undersigned finds the Superseding Indictment sufficiently alleges the existence of a RICO enterprise. The language of the indictment tracks the statutory language of 18 U.S.C. § 1962(c). See *Sewell*, 513 F.3d at 821 (8th Cir. 2008) ("An indictment is normally sufficient if its language tracks the statutory language."). The indictment alleges several common purposes of the 40th Ave. and 44th Ave. Crips street gang enterprise, including to financially support its members through distribution of controlled substances; to preserve and protect the power, territory, and profits of the enterprise through "threats, intimidation, violence, and destruction;" to promote and enhance the enterprise and its activities; keep victims, witnesses, and rival gang members in fear of the enterprise and its members through threats, intimidation, retaliation, and acts of violence; and to provide assistance to enterprise members who committed crimes, to hinder, obstruct, and prevent law enforcement authorities. (Filing No. 33 at pp. 3-4).

The indictment also sufficiently alleges the necessary relationship among those associated with the enterprise. The indictment identifies at least six members of the enterprise (the defendants) and alleges that the enterprise has operated from 2008 through 2015. The indictment describes the processes by which prospective members can join the enterprise, including getting "jumped" in by taking a beating, getting "blessed" in if he has

3

a family member in the gang, or by putting "work" in for the gang by committing acts of violence. ([Filing No. 33 at p. 2](#)). The indictment alleges members of the enterprise use specific clothing and hand signals to signify their membership and allegiance to the enterprise. The indictment details specific criminal acts alleged to have been undertaken by the six defendants in furtherance of the enterprise, including acts of murder, attempted murder, tampering with and threatening witnesses, victims, and informants, and manufacturing and distributing controlled substances. ([Filing No. 20 at pp. 3-7](#)). The government will be required to prove at trial that the multiple illegal acts alleged to have been committed by the defendants between 2008 and 2015 in furtherance of the enterprise amounted to more than "sporadic crime." See *United States v. Nabors*, 45 F.3d 238, 241 (8th Cir. 1995). "That proof, however, need not be offered until trial." *Id.* Because the undersigned finds the Superseding Indictment sufficiently alleges the existence of a RICO enterprise, the undersigned recommends that the defendants' motions to dismiss be denied.

Arias separately moves to dismiss Count One as it relates to any firearm offense because it violates a plea agreement in a prior case. ([Filing No. 231](#)). On September 24, 2013, Arias was charged with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2) in case no. 8:13CR337. On November 14, 2013, Arias and the government entered into a plea agreement by which they agreed "the defendant will not be federally prosecuted in the District of Nebraska for any firearms crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties." ([Filing No. 233](#)). Arias alleges the criminal conduct in case number 8:13-CR-337 is the same conduct as alleged in Count One, paragraphs 28-29, of the Superseding Indictment in the instant case. ([Filing No. 232](#)).

A plea agreement should be interpreted "according to basic principles of contract law." *United States v. Noriega*, 760 F.3d 908, 911 (8th Cir. 2014). "Where a plea agreement is ambiguous, the ambiguities are construed against the government." *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2005).

4

The undersigned agrees with the government that the plea agreement is not ambiguous and that Count One of the Superseding Indictment does not violate the agreement.  The plea agreement provides that "the defendant will not be federally prosecuted in the District of Nebraska for any *firearms crimes*[.]"  (Emphasis added).  Arias is charged Count One with a racketeering conspiracy under 18 U.S.C. § 1962(d), not a firearms crime.  The agreement explicitly states, "This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime. . . ."  The undersigned finds the plain language of the plea agreement does not prohibit the government from bringing the racketeering conspiracy charge against Arias.  Accordingly,

**IT IS HEREBY RECOMMENDED to Senior Judge Joseph Bataillon** that the defendants' motions to dismiss (Filing No. 207; Filing No. 217; Filing No. 231; and Filing No. 239) be denied.

### ADMONITION

Pursuant to NECrimR 59.2, any party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation.   Failure to timely object may constitute a waiver of any objection.

**DATED: January 4, 2017**

                        **BY THE COURT:**

                        **s/ F.A. Gossett, III**
                        **United States Magistrate Judge**