# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:15CR343 |
| v. | ) | |
| | ) | ORDER |
| DIONTE DORTCH, | ) | |
| GREGORY BAHATI, and | ) | |
| JULIO ARIAS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motions for a bill of particulars filed by Defendants Dione Dortch (Filing No. 203), Gregory Bahati (Filing No. 213), and Julio Arias (Filing No. 234). The court will deny the motions.

## BACKGROUND

On January 27, 2016, six individuals, including Dortch, Bahati, and Arias, were charged in a 15-count Superseding Indictment with several offenses arising out their alleged criminal activities in connection with the 40th and 44th Ave. Crips street gangs. (Filing No. 33). Count One charges all six defendants with a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. 1962(d). The Superseding Indictment alleges that between 2008 and 2015, the 40th Ave. and 44th Ave. Crips street gangs "cliqued up" to form an enterprise under 18 U.S.C. § 1961(4). The Superseding Indictment alleges the enterprise engaged in a pattern of racketeering activity under 18 U.S.C. § 1962(c), including attempted murder, witness tampering, and the manufacture and distribution of controlled substances. (Filing No. 20 at pp. 3-7). Count One lists approximately 37 Overt Acts allegedly committed by the defendants or other co-conspirators during the course of the conspiracy. (Filing No. 33 at

1

pp. 7-12). Each overt act identifies a date or date range and the defendant(s) alleged to have participated in the overt act.

Arias is charged in Counts Thirteen, Fourteen, and Fifteen with distribution of cocaine base on three occasions, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Filing No. 33 at pp. 18-19). Bahati is charged with making threats in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(4) (Count Eight), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Nine). Dortch is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2) (Count Ten); witness tampering, in violation of 18 U.S.C. §§ 1512(b)(1), 1512(b)(2)(A), and 1512(b)(3) (Count Eleven); and attempted obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2) (Count Twelve).

The instant motions collectively request supplementation of Count One, including disclosure of (1) the approximate date that each defendant allegedly entered the enterprise; (2) the particular dates, locations, drug quantities, and individuals involved in the drug trafficking alleged in the overt acts of the Superseding Indictment; and (3) "any acts of alleged co-conspirators" in which the government alleges defendants were involved. Additionally, Dortch requests disclosure of the dates, places, and nature of his alleged obstructionist activities, and any persons involved in those activities, referenced in Count Twelve against him. (Filing No. 203 at p. 2).

## DISCUSSION

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009). "The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *Id.* (internal quotation marks omitted). "[A] bill of particulars is not a discovery device to be used to

require the government to provide a detailed disclosure of the evidence that it will present at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011).

To determine whether there is a need for a bill of particulars, the court should examine whether the indictment adequately states an offense. "An indictment adequately states an offense if: it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *Id.* "Only when an essential element 'of substance' rather than 'of form' is omitted is an indictment fatally insufficient." *United States v. Boykin*, 794 F.3d 939, 944 (8th Cir. 2015), cert. denied, 136 S. Ct. 856 (2016) (quoting *United States v. Villarreal*, 707 F.3d 942, 957 (8th Cir. 2013). "An indictment is normally sufficient if its language tracks the statutory language." *Sewell*, 513 F.3d at 821 (8th Cir. 2008) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974).

After a full review of the Superseding Indictment and other relevant materials, the court concludes that a bill of particulars as to Count One is not necessary. The elements of RICO conspiracy are: (1) the existence of an enterprise engaged in a pattern of racketeering activity; (2) the enterprise was engaged in, or its activities affected, interstate or foreign commerce; and (3) each defendant knowingly agreed that he or some other member of the conspiracy would commit at least two racketeering acts. See *Salinas v. United States*, 522 U.S. 52, 62-65 (1997); *United States v. Darden*, 70 F.3d 1507, 1518 (8th Cir. 1995). Count One of the Superseding Indictment describes in extensive detail the RICO conspiracy, sets forth all of the elements of the offense, including a date range that specifies the time period during which the alleged conspiracy operated, and contains specific actions

3

alleged to have been taken by each defendant in furtherance of the alleged RCIO conspiracy. The indictment is not required to allege any overt acts to establish a RICO conspiracy, although the government nevertheless did so in this case. The Superseding Indictment together with the government's disclosures are more than sufficient to enable the defendants to understand the nature of the charge in Count One, prepare a defense, and avoid unfair surprise. Whether the government can meet its burden of proof is a separate question for a later date. Therefore, the motions for bill of particulars is denied as to Count One.

Dortch's motion additionally requests supplementation of Count Twelve, which alleges that defendant Dortch engaged in obstruction of justice. The government represents to the court that Count Twelve is based on the same conduct involving the same victim that forms the basis for the witness tampering charge in Count Eleven, and that Dortch has been provided discovery and witness statements regarding these two charges. (Filing No. 274 at p. 3). The government's response resolves Dortch's stated concerns of ambiguity in Counts Eleven and Twelve, and therefore the court denies his motion with respect to those counts. Accordingly,

**IT IS ORDERED:** Defendants' motions for a bill of particulars (Filing No. 203; Filing No. 213; Filing No. 234) are denied.

**DATED: January 4, 2017**

                          **BY THE COURT:**

                          **s/ F.A. Gossett, III**
                          **United States Magistrate Judge**

**NOTICE**

A party may object to a magistrate judge's order by filing a "Statement of Objections to Magistrate Judge's Order" within 14 days after being served with the order in accordance with NECrimR 59.2.