IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>DIONTE DORTCH,<br><br>      Defendant. | 8:15CR343<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on the objection of the defendant, Filing No. 390, to the magistrate judge's finding and recommendation, Filing No. 360, recommending that the defendant's motion to dismiss, Filing No. 207, be denied. Defendant also objects, Filing No. 392, to the magistrate judge's order, Filing No. 361, denying his motion to sever and strike. In addition, defendant files an objection, Filing No. 394, to the magistrate judge's order, Filing No. 362, denying his motion for a bill of particulars. The government replies and contends the reports and recommendations of the magistrate judges should be adopted and affirmed and the objections overruled. Filing Nos. 414, 416, and 417.

  Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendants object. *United States v. Lothridge,* 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has reviewed the entire record including the transcript of the suppression hearing. *See* Filing No. 318, Transcript ("Tr."). The court accepts the facts set out in the F&R and they need not be fully repeated here, except to the extent necessary to this court's findings.

  **DISCUSSION**

A.  *MOTION TO DISMISS, FILING NO. 207*

The defendant sought dismissal of Count One of the Superseding Indictment for failure to state an offense.  As stated by the magistrate judge:

> On January 27, 2016, Dortch, Bahati, Arias, Haynie, Brandon Heard, and Kendell Tealer were charged in a 15-count Superseding Indictment with offenses arising out their alleged criminal activities in connection with the 40th and 44th Ave. Crips street gangs.  (Filing No. 33).  Count One charges all six defendants with a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. 1962(d).  The Superseding Indictment alleges that between 2008 and 2015, the 40th Ave. and 44th Ave. Crips street gangs "cliqued up" to form an enterprise under 18 U.S.C. § 1961(4).  The Superseding Indictment alleges the enterprise engaged in a pattern of racketeering activity under 18 U.S.C. § 1962(c), including acts of murder, attempted murder, witness tampering, and the manufacture and distribution of controlled substances.

Filing No. 360, at 1-2.  *See* Superseding Indictment, Filing No. 33.  Dortch contended that the allegations in the indictment were insufficient to establish the existence of an enterprise under 18 U.S.C. § 1962(d).  He likewise objects to the decision of the magistrate judge, arguing that even if this court accepts the allegation of the indictment as true, they do not constitute a RICO enterprise.  The magistrate judge determined that the Superseding Indictment sufficiently alleges the existence of a RICO enterprise.  The indictment tracked the statutory language, alleges common purposes, and establishes the relationships among the associates connected with the enterprise.  The court is required to accept the allegations set forth in the Superseding Indictment as true.  *United States v. Steffen,* 687 F.3d 1104, 1107 n.2 (8th Cir. 2012) (citations omitted).The court finds the magistrate judge correctly analyzed both the facts and law. Further, the court finds that Dortch's objections regarding his enterprise arguments have

2

previously been rejected by the Eighth Circuit.  United States v. Nabors, 45 F.3d 238 (8th Cir. 1995).  This court agrees with the conclusion of the magistrate judge and adopts it in its entirety.

### B.  MOTION TO SEVER AND STRIKE, Filing No. 392

Defendant objects, Filing No. 392, to the magistrate's order, Filing No. 361, denial of his motion to sever and strike surplusage, Filing No. 205.  Defendant asked that his charges be severed from the other defendants charged in the RICO conspiracy.  The magistrate judge determined that the counts and parties are properly joined in accordance with Fed. R. Crim. P. 8(a) and (b).  As noted by the magistrate judge, each defendant is charged with knowing participation, that the purposes and objectives of the enterprise included financial support of its members, that the enterprise thought to preserve its territory by use of threats, violence intimidation, murder and attempted murder.  The Superseding Indictment also states that each member would commit at least two acts of racketeering activity.  Thus, concluded the magistrate judge, and this court agrees, these defendants are properly joined.

Dortch also argues that the evidence against him is much less than the co-defendants, as Dortch was in prison during part of the activities, nor was he identified as part of the enterprise by the government's confidential informant.  However, as stated by the magistrate judge:

> The Eighth Circuit has found that a properly joined co-defendant was "not entitled to severance simply because the evidence against him was less damaging than was the evidence against [his co-defendant]."  *Lewis*, 557 F.3d at 610-11.  In doing so, the Eighth Circuit rejected the defendant's argument that the jury was unable to compartmentalize the evidence because there was more evidence of one defendant's guilt when compared to the co-defendant.  *See id.; see also United States v. Hively,*

3

> 437 F.3d 752, 765 (8th Cir. 2006) ("Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased."). When assessing the jury's ability to compartmentalize the evidence against joint defendants, the court should take into consideration the complexity of the case and whether adequate jury instructions and admonitions can cure any potential prejudice. See *Lewis,* 557 F.3d at 610.

Filing No. 361, at 6. The court agrees with the magistrate judge that any potential risk of prejudice can be dealt with by jury instructions, and this case is best served by trying these defendants together. See *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004) ("The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions."); *United States v. Darden,* 70 F.3d 1507, 1527-28 (8th Cir. 1995). "Most importantly, however, justice is best served by trying the members of a racketeering enterprise together because a joint trial 'gives the jury the best perspective on all the evidence and therefore increases the likelihood of a correct outcome.'" *Id.* (quoting *United States v. Buljubasic,* 808 F.2d 1260, 1263 (7th Cir. 1987). As stated by the Eighth Circuit:

> Severance is appropriate "only if there is a serious risk that joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539, 113 S.Ct. 933. It is not an abuse of discretion to deny a severance motion when not every joined defendant has participated in every offense charged, *Delpit,* 94 F.3d at 1143-44, when evidence which is admissible only against some defendants may be damaging to others, *id.,* or when there is varying strength in the evidence against each defendant. *United States v. Dierling,* 131 F.3d 722, 734 (8th Cir.1997).

*United States v. Lee,* 374 F.3d 637, 646 (8th Cir. 2004).

> A joint trial is appropriate for those charged with conspiracy where proof of the charges is based on common evidence and acts. *United States v. Stephenson,* 924 F.2d 753, 761 (8th Cir.1991) (quoting *United States v.*

4

*Jackson,* 549 F.2d 517, 523 (8th Cir.1977)); *see also United States v. Kindle,* 925 F.2d 272, 277 (8th Cir.1991). Where there are multiple criminal acts in furtherance of a conspiracy, each defendant need not have participated in every act for a joint trial to be appropriate. *Delpit,* 94 F.3d at 1143; *United States v. Jones,* 880 F.2d 55, 62–63 (8th Cir.1989).

*Dierling,* 131 F.3d at 734. For these reasons, the court finds the objections by the defendant are overruled.

### C.  MOTION FOR BILL OF PARTICULARS, FILING NO. 394

Defendant moved for supplementation of Count One, including dates, times, locations, drug quantities, and individuals involved in the overt acts as set forth in the Superseding Indictment. "If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone,* 576 F.3d 881, 883 (8th Cir. 2009). A bill of particulars is not a discovery device. *United States v. Huggans,* 650 F.3d 1210, 1220 (8th Cir. 2011). The magistrate judge concluded that a bill of particulars is not necessary in this case. He found that all elements as well as sufficient facts are plead in the complaint. This court has likewise reviewed the Superseding Indictment and relevant documents and concludes the magistrate judge is correct in all respects.

THEREFORE, IT IS ORDERED THAT:

1. The defendant's motion to dismiss Filing No. 207, is denied.

2. It is further ordered that defendant's objections, Filing No. 390, are overruled;

3. The findings and recommendation of the magistrate judge, Filing No. 360, is adopted in its entirety as to defendant Dionte Dortch.

4. Defendant's motion to sever or strike, Filing No. 205, is denied;

5. Defendant's objections, Filing No. 392, are overruled;

6. The court adopts and affirms the magistrate judge's order, Filing No. 361.

7. The defendant's motion for a bill of particulars, Filing No. 203, is denied;

8. Defendant's objections, Filing No. 394, are denied;

9. The court adopts and affirms the magistrate judge's order, Filing No. 362.

Dated this 17th day of March, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge