IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:15CR343 |
| v. | |
| DIONTE DORTCH | ORDER |
| Defendant. | |

This matter is before the court on defendant Dionte Dortch's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Filing No. 714. He challenges his conviction after pleading guilty to Count I of the Superseding Indictment, Racketeering Influenced and Corrupt Organization Conspiracy in violation of 18 U.S.C. § 1962(d); Count X of the Superseding Indictment, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2); Count XI, Witness Tampering in violation of 18 U.S.C. § 1512(b)(1), 18 U.S.C. § 1512(b)(2)(A) and 18 U.S.C. § 1512(b)(3); and Count XII of the Superseding Indictment, Attempted Obstruction of Justice in violation of 18 U.S.C. § 1512(c)(2). Filing No. 518, Judgment. He was sentenced to a term of imprisonment of 240 months on Counts I, XI, XII and 120 months on Count X, said terms of imprisonment to run concurrently. The present motion is Dortch's first motion under 28 U.S.C. § 2255.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. See 28 U.S.C. § 2255, Rule 4(b). The rule provides that unless "it plainly appears from the face of the motion and any

annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. *Id.*

The defendant asserts two grounds on which he claims he is being held in violation of the Constitution, laws, or treaties of the United States. First, defendant asserts that counsel was ineffective for operating under an actual conflict of interest and that counsel's advice to plead guilty to Count I was not the result of a reasoned decision based on strategic choices among options available for the defense. The defendant claims that without these errors, he would not have pled guilty. Second, defendant asserts that but for counsel's errors in advising him to plead guilty, he would not have been convicted by a jury.

On initial review, the court cannot say with certainty that the movant is entitled to no relief. Accordingly, the government should be required to answer. On receipt of the government's answer, the court will determine (a) whether to order the parties to submit briefs on the merits, so that the defendant's claims may be resolved on the basis of the record and briefs, or (b) whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules governing Section 2255 Proceedings for the United States District Courts.

THEREFORE, IT IS ORDERED THAT:

1. On initial review, the court finds that summary dismissal is not appropriate.
2. The United States shall file an answer to the defendant's § 2255 motion within 21 days of the date of this order.

Dated this 22nd day of August, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge