IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>DIONTE DORTCH,<br><br>　　　　　　Defendant. | 8:15CR343<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Filing No. 714. The government has answered and objected to the motion. Filing No. 774. The defendant ("Dortch") subsequently filed two reply briefs and a "Motion for Rule 6 Discovery." Filing Nos. 779, 783, and 821.

I. **BACKGROUND**

On January 27, 2016, the government brought a superseding indictment against Dortch and five other defendants for associating with the 40th Avenue and 44th Avenue Crip gangs. Dortch was charged with violating 18 U.S.C. § 1962(d) of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and 924(a)(2), witness tampering in violation of 18 U.S.C. § 1512(b)(1), 1512(b)(2)(A), and 1512(b)(3), as well as attempted obstruction of justice in violation of 18 U.S.C. § 1512(c)(2).

On May 23, 2017, Dortch pleaded guilty to all four charges. Filing Nos. 470 and 768. After entering a plea of guilty to four charges of the fifteen-count superseding indictment, Dortch was sentenced to concurrently serve 240 months for Count 1 (RICO

conspiracy), Count 11 (witness tampering), and Count 12 (attempted obstruction of justice) and 120 months for Count 10 (felon in possession of a firearm) to be followed by a three-year term of supervised release. Filing No. 33, Transcript ("Tr.") at 1, 13, 17, 18, and Filing No. 518, Tr. at 1-2. At his plea hearing, Dortch testified that he understood the charges against him and that he was satisfied with his attorney's representation. Filing No. 768, Tr. at 5-7. After the Court read Dortch his rights and the consequences of waiving those rights, Dortch voluntarily pleaded guilty. *Id.* at 17-22. He indicated he understood the penalties he faced, including the twenty-year statutory maximums for Counts 1, 11, and 12 as well as the ten-year maximum for Count 10. *Id.* at 8. He also understood that, if he did not plead guilty, the government planned to bring a second superseding indictment where Dortch would face a statutory minimum of 85 years. *Id.* at 9-10.

> The plea agreement states:
>
> "The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. §2255, except:
> (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.
> (b) The right to seek post-convictions relief based on ineffective assistance of counsel."

Filing No. 470, Tr. at 6.

Dortch timely filed his motion under 28 U.S.C. § 2255 (hereinafter "§ 2255 motion") on July 16, 2018. Filing No. 714. Along with general claims of innocence, Dortch brings four main arguments. First, he argues he was wrongly charged under the RICO statute. Next, he contends the RICO statute is unconstitutionally vague. He then argues that the

original plea offer of fifteen years was invalidly rescinded. His final, and main, argument is that he received ineffective assistance of counsel. *See generally* Filing No. 715.

## II.  LAW AND ANALYSIS

### A.  Standard of Review

Under 28 U.S.C. § 2255, a federal prisoner may seek relief if his "sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Ineffective assistance of counsel is appropriately raised in collateral proceedings. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) (citing *United States v. Woods*, 270 F.3d 728, 730 (8th Cir. 2001)). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Under the Sixth and Fourteenth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal of right. *See Gideon v. Wainwright*, 372 U.S. 335, 344 (1963); *Evitts v. Lucey*, 469 U.S. 387, 392-93 (1985). "'The right to counsel [includes] the right to reasonably effective counsel.'" *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970)).

In order to make a claim of ineffective assistance of counsel, a petitioner must satisfy the *Strickland* standard, which requires the defendant to show "that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)). Deficient performance "is that which

3

falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010) (quoting *Strickland*, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Sinisterra*, 600 F.3d at 906 (citing *Bobby v. Van Hook*, 130 S. Ct. 13, 16 (2009) (per curiam)) (also citing *Strickland*, 466 U.S. at 686). We must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690.

To establish prejudice under *Strickland*, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of *Strickland*." *Alaniz*, 351 F.3d at 368 (citing *Glover v. United States*, 531 U.S. 198, 202-04 (2001); *see also United States v. Spigner*, 416 F.3d 708, 711 (8th Cir. 2005).

### B. Plea Agreement

"A defendant must enter into a plea agreement knowingly and voluntarily for [it] to be valid." *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003). To ensure that a defendant knowingly and voluntarily enters into the plea agreement, the district court should "properly question [the] defendant about his or her decision to enter that agreement and waive the right to appeal." *Andis*, 333 F.3d at 890-91. The record shows that the Court thoroughly questioned Dortch about the plea agreement and made sure he was competent to plead guilty and knew what rights he forfeited by pleading guilty. There

4

is no evidence to indicate that Dortch was incompetent or was coerced into pleading guilty. The defendant agreed that he was guilty, understood the charges against him, had discussed the case with his lawyer, knew the consequences of pleading guilty, and understood that, if he did not plead guilty, had the potential to face an 85-year minimum sentence. Dortch's argument that the original 15-year plea agreement was invalidly revoked, is without merit. Even if it were, Dortch agreed to forfeit his right to appeal and collaterally attack his conviction when he voluntarily and knowingly entered into the plea agreement.

C. **RICO Statute**

In his brief, Dortch argues that the charges brought forth in the superseding indictment do not "qualify under the RICO statute as predicate acts." Filing No. 715, Tr. at 4. Dortch also states that "[n]one of the victims were gang members or had any knowledge of the charged conspiracy" and therefore Dortch should not have been tried under the RICO statute. *Id.* However, Dortch is not entitled to bring this argument under the signed plea agreement and no exception applies. Even if he were able to bring this argument, it is without merit as it relies on a misinterpretation of case law and the RICO statute itself.

Dortch also argues that the RICO statute is unconstitutionally vague. Filing No. 715, Tr. at 13. Again, arguably, this is argument cannot be brought under the terms of the plea agreement. However, even if it did, the caselaw he relies upon does not support his claim. *See Johnson v. United States*, 135 S.Ct. 2551 (2015) (pertaining to Armed Career Criminal Act), *see also Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) (regarding the Immigration and Nationality Act). Neither the United States Supreme Court nor the United

5

States Court of Appeals for the Eighth Circuit have ever found the RICO statute to be unconstitutional for vagueness. See United States v. Anderson, 626 F.2d 1358, 1364 (8th Cir. 1980) (noting, "Some defendants have challenged the constitutionality of RICO on the grounds of vagueness and double jeopardy, but no court yet has found the Act unconstitutional."). Dortch's claim is without merit.

### D. Ineffective Assistance of Counsel

Dortch contends that he received ineffective assistance of counsel. He argues that Attorney Steenbock had a conflict of interest as she simultaneously represented alleged 40th and 44th Avenue gang member Antoine Gaye for a felon in possession of a firearm charge. Filing No. 715, Tr. at 10-13. Dortch alleges that Gaye was a member of the 40th Avenue Crip gang and co-conspirator in the RICO conspiracy. Id. at 11-12. However, Gaye was not named in the superseding indictment nor was he ever mentioned in any of the evidence or testimony. Dortch misstates that Gaye was a witness and a co-conspirator. Dortch states in his brief that Steenbock intentionally failed to disclose Gaye's ties to the 40th Avenue Crip gang in order to keep him from being charged in the RICO conspiracy. See id. at 11 (stating, "Ms. Steenbock as the lawyer of [Gaye] had no absolute interest in painting Mr. Gaye her current client as having knowledge of the intricate details of the RICO conspiracy to save Antoine Gaye from being charged in the 40th ave RICO."). Dortch has offered no evidence to substantiate these claims. The Court finds that no evidentiary hearing is necessary in this case.

> A § 2255 movant is entitled to an evidentiary hearing unless "the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 18 U.S.C. § 2255. "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (internal quotations and citations omitted).

6

*Sinisterra*, 600 F.3d at 906. The conflict of interest claim is inadequate on its face and the record affirmatively shows there was no ineffective assistance of counsel during this case. Antoine Gaye was not a named co-conspirator in the superseding indictment, did not testify as a witness, and was not mentioned in any of the testimony. Aside from Dortch's allegations, there is no reason to believe that Antoine Gaye was a member of the 40th Avenue Crip gang or even possessed exculpatory evidence that would alleviate Dortch of his charges. In her affidavit, Attorney Steenbock states that, while she did represent Gaye around the same time she represented Dortch, "[a]t no time did Gaye or Dortch advise [her] of any potentially exculpatory information Gaye possessed regarding Dortch." Filing No. 772-2, Tr. at 6. She also notes that Gaye was incarcerated from June 28, 2007 to October 24, 2015 so it is unlikely that he would possess any exculpatory information as he was incarcerated during the time the RICO conspiracy took place. *Id.*

The government argues that Dortch's claim does not equate to an actual conflict of interest, but is instead an unsubstantiated, self-serving claim that is not backed by any evidence. Filing No. 774, Tr. at 10-11. The Court agrees, and Dortch's argument is frivolous. There is no evidence to support Dortch's claim that there was an actual conflict of interest. There is also nothing in the record that points to Steenbock being ineffective. She thoroughly reviewed discovery, interviewed witnesses, conducted research, and filed several motions on Dortch's behalf. Filing No. 772-2, Tr. at 2. The record shows, and the Court observed, Steenbock's effectiveness and zealous advocacy. The Court finds that Dortch failed to meet his burden on his ineffective assistance of counsel claim.

## III. CONCLUSION

THEREFORE, IT IS ORDERED THAT defendant's motion for relief pursuant to 28 U.S.C. § 2255, Filing No. 714, is denied. A judgment will enter in conjunction with this Memorandum and Order.

Dated this 23rd day of June, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge