IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:15CR343** |
| vs. | |
| DIONTE DORTCH, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on correspondence from the defendant, construed as a motion for relief under the First Step Act, Filing No. 798. In the correspondence, the defendant vaguely alludes to an improper characterization as a drug trafficker by the BOP, inquires about a determination of good time, and expresses a desire for some sort of early release.

Pursuant to a binding Fed. R. Crim. P. 11(c)(1)(C) plea agreement, Dortch entered a plea of guilty to charges of violating 18 U.S.C. § 1962(d) of the Racketeering Influenced and Corrupt Organizations Act ("RICO")(Count I), being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and 924(a)(2) (Count X), witness tampering in violation of 18 U.S.C. § 1512(b)(1), 1512(b)(2)(A), and 1512(b)(3) (Count XI), and attempted obstruction of justice in violation of 18 U.S.C. § 1512(c)(2) (Count XII). On July 26, 2017, the Court sentenced the defendant to concurrent terms of imprisonment of 240 months on counts I, XI, XII and 120 months on count X. He did not appeal his conviction and his motion for relief under 18 U.S.C. § 2255 was denied. Filing No. 823. The Court also found his claims lacked merit and does not justify the issuance of a certificate of appealability. Filing No. 841. According to the Bureau of Prisons website, Dortch is scheduled to be released

1

on October 23, 2032.  *See* https://www.bop.gov/inmateloc  (last visited September 30, 2020).

The First Step Act was enacted into law on December 21, 2018.  *See* Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act").[1]  "The Act amended numerous provisions of the U.S. Code to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, No. 4:05-CR-00227-1, 2020 WL 2091802, at *3 (S.D. Iowa Apr. 29, 2020); *see* Cong. Research Serv., R45558, *The First Step Act of 2018: An Overview* 1 (2019).

Dortch is clearly not eligible for relief in the form of a reduced sentence under Section 404(a) of the First Step Act, which provides retroactive reductions of mandatory minimum sentences for drug crimes.  First Step Act, § § 401, 404(a).  Defendant's conviction did not involve a mandatory minimum sentence for a drug trafficking crime and would not be affected by that provision of the First Step Act.  *See United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019).

Further, it does not appear that Dortch is eligible for relief under other provisions of the First Step Act.  *See, e.g.*, First Step Act § 402 (broadening the existing safety valve at 18 U.S.C. § 3553(f); § 402 (reducing the severity of the stacking of multiple 924(c) offenses); § 603(a) (reauthorizing and amending the Second Chance Act of 2007, 34 U.S.C. § 60541(g), which allows for the transfer of elderly and terminal ill inmates to home

---

[1] Congress earlier enacted the Fair Sentencing Act of 2010, which reduced the disparity in sentencing between offenses involving crack and powder cocaine and eliminated mandatory minimum sentencing for simple possession of controlled substances.  *See* Pub. L. No. 111-220, 124 Stat. 2372 ("Fair Sentencing Act") (codified at 21 U.S.C. §§ 841(b)(1) and § 844(a)).  The Fair Sentencing Act changed the drug quantities required to trigger certain mandatory minimum sentences.  *See* 21 U.S.C. § 841(b)(1)(A)(iii). These changes resulted in more lenient mandatory minimum sentences for convictions under 21 U.S.C. § 841 for those who were sentenced after August 3, 2010.  *Dorsey v. United States*, 567 U.S. 260, 264 (2012).

detention under certain circumstances); § 603(b) (amending 18 U.S.C. § 3582(c)(1) to allow a defendant, not just the Director of the Bureau of Prisons, to file a motion for compassionate release). The discretion to release a prisoner to home confinement lies solely with the Attorney General. *See* 34 U.S.C. § 60541. Compassionate release provides a path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence reduction must comply with the 18 U.S.C. § 3553(a) factors and "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Before federal inmates can seek relief in the federal courts under the First Step Act, they must exhaust their available administrative remedies. *Marshall v. Hudson*, 807 F. App'x 743, 751 (10th Cir. 2020) (noting that guidance is available at the BOP's website and stating "[e]xperience shows that, when inmates have submitted a standard inmate-request form—BP-A0148—to BOP staff members, those staff members have responded with letters explaining why the inmate is or is not eligible for the program."). *See e.g., See Malouf v. SEC*, 933 F.3d 1248, 1256 (10th Cir. 2019) ("[C]ourts lack discretion to excuse the failure to exhaust administrative remedies" where exhaustion is a "statutory requirement."); *United States v. Heath*, CR-13-102-SLP, 2020 WL 1957916, at *1 (W.D. Okla. Apr. 23, 2020) (stating the court had no authority to waive the exhaustion requirement as it is a statutory requirement); *United States v. Bell*, No. 16-20008-02-DDC, 2020 WL 1923086 at *2 (D. Kan. Apr. 21, 2020) (court lacked jurisdiction over defendant's motion for compassionate release under § 3582(c)(1)(A) based on COVID-19 pandemic due to failure to exhaust administrative remedies).

The Defendant has not stated any grounds that implicate a need for compassionate release under§ 3582(c)(1).[2]  He has made no showing of exhaustion of remedies within the BOP.  To the extent Dortch seeks a determination of additional good-time credits under section 102(b) of the First Step Act, he has similarly failed to exhaust his administrative remedies and has not challenged any calculation or award of such credits by the Bureau of Prisons in a petition for habeas corpus in the district court.  *See* 18 U.S.C. § 3624(b)(1) (2018).  Therefore, an adjudication of credits at this juncture is premature.  The Court is unable to afford the defendant any relief under the First Step Act at this time.  Therefore,

IT IS ORDERED that:

1.    Defendant's motion for relief under the First Step Act (Filing No. 798) is denied, without prejudice to reassertion.

Dated this 2nd day of October, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

[2] Notably, the defendant's motion was filed prior to the Covid-19 pandemic.  The Court expresses no opinion on whether any such motion would be appropriate.