IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:15CR343 |
| vs. | |
| DIONTE DORTCH | MEMORANDUM AND ORDER |
| Defendant. | |

This matter comes before the Court on Defendant's motion to appoint counsel. Filing No. 937. The Court denies the motion for the reasons stated herein.

This case has a lengthy history that is recounted in greater detail in the Court's previous orders. In short, Dortch pleaded guilty to four RICO-related charges and was sentenced to concurrent terms totaling 240 months pursuant to a plea agreement that included an appeal waiver. Dortch did not file an appeal and subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Filing No. 714. The Court denied his § 2255 motion in its entirety on June 23, 2020, Filing No. 823, and declined to issue a certificate of appealability, Filing No. 841. Dortch filed a motion to reconsider under Federal Rule of Civil Procedure 60(b), Filing No. 897, which the Court denied as untimely and meritless, Filing No. 904. Dortch filed a motion for extension of time to file a motion to reconsider under Federal Rule of Civil Procedure 59(e), Filing No. 916, which the Court denied as untimely, Filing No. 917. Dortch filed another motion for certificate of appealability, Filing No. 920, which the Court denied, Filing No. 921. Finally, Dortch filed the present motion seeking appointment of counsel. Filing No. 937. He contends there

1

are complicated, RICO-related legal issues that require the expertise of counsel and that his prior attorney was ineffective. Filing No. 937 at 1–2.

The issues Dortch raises have been addressed at length in Dortch's prior filings and this Court's orders. See Filing No. 823 at 4–8 (Court's order on the merits of Dortch's § 2255 motion rejecting his arguments that his plea agreement was invalid, that the charges against him did not qualify as predicate acts under RICO, that the RICO statute is unconstitutionally vague, and that Dortch received ineffective assistance of counsel). He has filed not only a motion to vacate pursuant to § 2255, but numerous motions seeking reconsideration and leave to appeal, all of which have been denied. To the Court's knowledge, he has not sought or been granted permission to file a second or successive habeas petition. See 28 U.S.C. § 2244(b)(3) (requiring authorization from the court of appeals to file a second or successive habeas application). Therefore, there does not appear to be a procedural mechanism by which Dortch can seek relief at this time, and the appointment of counsel is unwarranted. Accordingly,

IT IS ORDERED:

1. Defendant's motion to appoint counsel, Filing No. 937, is denied.
2. The Clerk of the Court is directed to send a copy of this Order to the defendant at his last known address.

Dated this 14th day of March, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge