IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>DIONTE DORTCH,<br><br>  Defendant. | 8:15CR343<br><br>ORDER |

This matter is before the Court on the motion (Filing No. 944) filed by Defendant, Dionte Dortch, requesting a copy of the Superseding Indictment (Filing No. 33). The defendant states he does "not have any financial assets to purchase this material," and he needs a copy because he is "still diligently fighting and preparing for future motions."

A defendant does not have the right to receive copies of documents without payment, even if he is indigent. See 28 U.S.C. § 1915; *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980). The Court recently set out the lengthy procedural history of this case in its March 14, 2024, Memorandum and Order denying the defendant's request to appoint counsel. (Filing No. 939). Briefly, pursuant to a Rule 11(c)(1)(C) plea agreement, in May 2017, the defendant pled guilty to Counts One, Ten, Eleven, and Twelve of the Superseding Indictment, and in July 2017 was sentenced to the Bureau of Prisons for a term of 240 months on counts One, Eleven, and Twelve, and 120 months on count Ten, said terms of imprisonment to run concurrently; supervised release for a term of 3 years on counts One, Ten, Eleven, and Twelve, said terms of supervised release to run concurrently; and a special assessment in the amount of $400. (Filing Nos. 466-518). In July 2018, the defendant filed a motion to vacate under 28 U.S.C. § 2255, which was denied in June 2020, and the Court did not issue a certificate of appealability. The defendant's subsequent motions and appeals have been denied, and he currently has no motion pending before the Court. Neither statutory authority nor this Court's practice requires the provision of free copies of court records to the defendant for no stated purpose and under these circumstances. Therefore, the Court is not inclined to order a copy of the requested court document at the government's expense. The defendant may pay for copies at the established rate of 50¢ per page. The

Superseding Indictment is 20-pages, and therefore the defendant must transmit $10 to receive a copy of the Superseding Indictment. Accordingly,

**IT IS ORDERED** that the defendant's motion (Filing No. 944) requesting a free copy of the Superseding Indictment is denied.

Dated this 27th day of August, 2024.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge