IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br><br>vs.<br><br>DIONTE DORTCH,<br><br>    Defendant. | 8:15CR343<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Dionte Dortch's Motion to Vacate under 28 U.S.C. § 2255.  Filing No. 948.  The Court must dismiss Dortch's § 2255 motion as a "second or successive motion" brought without permission from the court of appeals.

Dortch is serving a 240-month sentence in federal custody after pleading guilty to RICO charges.  In 2018, he timely filed a motion to vacate under 28 U.S.C. § 2255, which the Court denied as meritless.  Filing No. 823.  Since then, the Court has denied numerous motions raising similar issues.  *See* Filing Nos. 829; 841; 904; 917; 920; 921; and 939.  The Eighth Circuit has done the same.  Filing Nos. 855 and 862.  Now, Dortch brings a new motion to vacate under 28 U.S.C. § 2255 arguing—for the first time—his conviction is invalid on due process grounds.  Filing No. 948.  He did not seek or receive permission from the Eighth Circuit to file a new § 2255.  *Id.*

The Court cannot consider Dortch's new motion.  28 U.S.C. § 2255(h) provides "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or . . . a

1

new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." "This rule may not be evaded by simply filing a successive § 2255 motion in the district court." *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018) (internal quotations and citations omitted). Here, Dortch's new § 2255 motion attacks the same conviction and sentence as his first § 2255 motion. The first motion was denied on the merits. So, 28 U.S.C. § 2255(h) forecloses the Court's jurisdiction because Dortch's new § 2255 motion is "[a] second or successive motion" that was not "certified . . . by a panel of the" Eighth Circuit.

Dortch did not comply with the mandatory certification requirement under 28 U.S.C. § 2255(h).

THEREFORE, IT IS ORDERED:

1. Dortch's Motion to Vacate (Filing No. 948) is dismissed for lack of jurisdiction.

Dated this 17th day of April, 2025.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

2